## THE ANNIE L. MULFORD.

(District Court, E. D. Pennsylvania. April 5, 1901.)

### No. 59.

PERSONAL INJURIES—WRITTEN RELEASE—FRAUD—BURDEN OF PROOF.

A libelant's claim for personal injuries against a schooner was settled by the agent of a casualty company, which had insured the vessel against liability for such injuries, the libelant signing a written release, and accepting a specified sum therefor. He averred that he was tricked into signing it by the way the paper was read to him, though admitting that he was able to read the same. *Held* that, to be relieved from the effect of his carelessness in not insisting on the right to read it himself, he must clearly show that he was defrauded; and there being nothing to corroborate his own testimony, which was positively contradicted by the company's agent, the libel should be dismissed.

In Admiralty.

Francis Tracy Tobin, for libelant.

William W. Smithers, for respondent.

J. B. McPHERSON, District Judge. This is an action to recover damages for personal injuries sustained by the libelant in consequence of the alleged negligence of the schooner. It is not necessary, however, to determine the correctness of this allegation, since the case must be decided upon another point. The libelant was injured on February 24, 1900, while the ship was at Jacksonville, Fla., and he was admitted to the marine hospital in that city, where he received treatment until the 4th or 5th of the following April, when he was discharged as cured. During his stay in the hospital propositions of settlement were made by the Maryland Casualty Company, which had insured the vessel against liability for injuries suffered by the crew, and, early in April, the libelant agreed to accept the sum of $80 in settlement of his claim. The money was paid on April 9th, and upon that day he signed a release, which need not be set out in full. The libelant admits that he received the money and signed the paper, and he does not deny that the release is a bar to this action, unless his

signature was affixed by mistake or was obtained by fraud. He avers that fraud was employed, declaring that he was tricked into signing the paper by the false representations of the casualty company's agent, who assured him that it was merely a receipt for the money that had been paid to him, and was not a settlement of his claim against the vessel. He explains the payment of the money by averring that it was partly on account of his loss of time while in the hospital, and partly to defray his expenses to his home in Philadelphia. He further declares that, although the paper was read to him, it was read so rapidly that he did not understand it, and that, while he himself can read, he was not permitted to take the paper into his own possession.

I have considered the testimony bearing upon this allegation of fraud, and am clearly of opinion that there is far too little to justify me in declaring the paper to be invalid. The libelant chose to sign a paper that he was able to read without insisting on his right to read it for himself, and it is beyond doubt that, before he can be relieved from the effect of his carelessness, he must show clearly that he was defrauded. There is no such proof to be found in the present record. The libelant's testimony stands alone in support of his allegations, and it is positively contradicted by the testimony of the casualty company's agent. In such a situation, no corroborating circumstances being present, the written instrument must prevail. The libel is dismissed